| | | | |
|---|---|---|---|
| NICHOLAS SHAWN WRIGHT, | ) | | |
| | ) | | |
| **Petitioner,** | ) | | |
| vs. | ) | **ORDER** | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| **Respondent.** | ) | | |
| _____ | ) | | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or

Correct Sentence, pursuant to 28 U.S.C. § 2255 or, alternatively, for relief under 28 U.S.C. §

2241 or under the writs of error coram nobis and audita querela, (Doc. No. 1), on the

Government's Motion to Dismiss and Response in Opposition, (Doc. No. 6), and on the

Government's Motion for Extension of Time to File Response, (Doc. No. 7).  Petitioner is

represented by Ann L. Hester of the Federal Defenders of Western North Carolina.  For the

reasons that follow, Petitioner's motion to vacate will be denied, and the § 2255 petition will be

dismissed as untimely.  Furthermore, Petitioner is not entitled to relief under any of his

alternative grounds for relief.

## I.  BACKGROUND

On August 26, 2008, Petitioner was indicted by the Grand Jury for the Western District

of North Carolina and charged with possession of a firearm by a convicted felon, in violation of

18 U.S.C. § 922(g)(1).  (Criminal Case No. 5:08cr38: Doc. No. 1: Indictment).  On October 27,

2008, Petitioner pled guilty without a plea agreement to the § 922(g)(1) offense.  (Id., Doc. No.

9: Acceptance and Entry of Guilty Plea).  Before Petitioner's sentencing hearing, the probation

office prepared a Presentence Investigation Report ("PSR"), in which the probation officer calculated a base offense level of 24 based on Petitioner's having committed the firearm offense after having sustained at least two felony convictions of either a crime of violence or a controlled substance offense. (Id., Doc. No. 10 at 4: PSR). Based on a total offense level of 25 and a criminal history category of III, the probation officer calculated an advisory Sentencing Guidelines range of 70-87 months' imprisonment. (Id. at 12). This Court ultimately sentenced Petitioner to a low-end sentence of 70 months in prison, entering judgment on August 11, 2009, and Petitioner did not appeal. (Id., Doc. No. 15: Judgment).

On August 17, 2012, Petitioner filed the pending motion to vacate his conviction under 28 U.S.C. § 2255 or, alternatively, seeking relief under 28 U.S.C. § 2241 or under the writs of error coram nobis and audita querela, arguing that his sentence was enhanced based on two prior felony convictions, only one of which was punishable by more than one year in prison. Petitioner contends that he is, therefore, entitled to relief under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner concedes that one of the prior convictions qualifies as a predicate felony even after Simmons. On December 3, 2013, this Court ordered the Government to respond, and the Government filed its motion to dismiss and brief in response on February 10, 2014. (Doc. Nos. 5; 7).

## II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the

record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

(the "AEDPA").  Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a

one-year statute of limitations period for the filing of a motion to vacate.  The limitation period

runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).  Here, Petitioner's judgment became final when his time for filing a

notice of appeal expired, which was ten days after this Court entered judgment on August 11,

2009.  Fed. R. App. P. 4(b) (amended to fourteen days effective December 1, 2009).  Petitioner's

motion, filed around three years later on August 17, 2012, is untimely under § 2255(f)(1), and

neither of the other subsections applies to render the petition timely.  Furthermore, Petitioner has

not presented sufficient grounds for the Court to apply equitable tolling.

In any event, Petitioner is not entitled to relief under Simmons on the merits.  Petitioner

concedes that he has a qualifying felony even after Simmons for purposes of the § 922(g)(1)

conviction.  Thus, he is not challenging the § 922(g)(1) conviction itself.  Petitioner contends,

rather, that "his sentence was improperly enhanced by Simmons-impaired felonies."  (Doc. No. 2

at 1).  Petitioner contends that because he had only one prior felony conviction for a controlled substance, his Base Offense Level should have been 20 under U.S.S.G. § 2K2.1(a)(4).  (Id.).  Petitioner further contends that, based on a criminal history category of II, the correct guideline range should have been calculated at 46-57 months.  (Id.).

Even if it were not time-barred, Petitioner's claim is not cognizable on collateral review.  "Barring extraordinary circumstances, . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding.  Section 2255 provides relief for cases in which the sentence was in excess of the maximum authorized by law."  See United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999) (internal quotations omitted).  In limited circumstances, a cognizable § 2255 claim may be based on actual innocence of a predicate crime used to enhance a sentence.  However, an alleged improper sentencing enhancement is cognizable as a "miscarriage of justice" only where the defendant can show "actual innocence" by clear and convincing evidence, see United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999), and "only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."  United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010).  Here, Petitioner does not contend that he is factually innocent of the predicate crimes used to calculate his § 2K2.1 enhancement but, rather, that the court improperly classified the crimes as predicates for the enhancement.  His claim is, therefore, not cognizable on collateral review under § 2255.

Petitioner also cannot obtain relief under any of his alternative grounds for relief based on his sentencing enhancement.  First, alternative relief under § 2241 is not available because Petitioner is not challenging the legality of his § 922(g) conviction; rather, he challenges his

sentence, which he contends was based on a prior conviction that he asserts is no longer properly considered in calculating a sentencing enhancement.  See Farrow v. Revell, No. 13-6804, 2013 WL 5546155 (4th Cir. Oct. 9, 2013).  Next, as to relief under the writ of error coram nobis, this remedy is only available to petitioners who are no longer in custody pursuant to their convictions.  Carlisle v. United States, 517 U.S. 416, 428-29 (1996).  Finally, as to relief under the writ of audita querela, a time-barred § 2255 petition is not the type of "gap" in federal post-conviction remedies for which this writ may be used.  See United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001).

## IV.     CONCLUSION

In sum, for the reasons stated herein, Petitioner's § 2255 motion to vacate is untimely, and the petition will therefore be dismissed.  Furthermore, Petitioner is not entitled to relief under any of his alternative theories.

**IT IS, THEREFORE, ORDERED** that:

1.      Petitioner's Section 2255 motion, (Doc. No. 1), is **DENIED** and the petition is **DISMISSED**.  Furthermore, Petitioner is not entitled to relief under any of his alternative theories.

2.      The Government's Motion to Dismiss and Response in Opposition, (Doc. No. 6), is **GRANTED**.

3.      The Government's Motion for Extension of Time to file Response, (Doc. No. 7), is **GRANTED** nunc pro tunc.

4.      **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of

appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: February 24, 2014

Richard L. Voorhees
United States District Judge